[Civ. No. 9196.   Third Dist.   Mar. 6, 1958.]

HELEN C. MILLS, Appellant, v. GEORGE J. RUP-PERT, JR. et al., Respondents.

L. G. Hitchcock and Philip R. Coulter for Appellant.

Purchio, Crews & Fairwell for Respondents.

PEEK, J.—This is an appeal by plaintiff from a judgment denying relief in an action for specific performance of an option to purchase real property.

By her complaint, plaintiff alleged that defendants, as joint tenants with certain other persons not parties hereto, leased to her a motel in the city of Ukiah; that under the terms of the lease in the event the lessors chose to sell she was given the option to buy the property upon the same terms and conditions as contained in any bona fide offer received by the lessors; that the defendants agreed to sell their undivided one-half interest to one Smith for $21,000; that to prevent plaintiff from exercising her option, defendants represented in their written notice to her that they proposed to sell their interest for the sum of $26,000; that defendants well knew that such sum was not a fair or reasonable price; that plaintiff had demanded performance by defendants; that they refused to accept her tender of $21,000 and refused to fulfill any of the terms of the option agreement. The complaint concluded with a prayer that defendants be compelled to specifically so perform the contract.

At the conclusion of the trial the court found in part that none of the allegations of plaintiff's complaint were ". . . true except it is true that there *may* have been an original offer of $21,000.00, but if there was such an offer it was soon thereafter annulled by the offeror and offerees and a new offer was made of $23,000.00 plus the $3,500.00 loan [to the lessors]. It is true that Mrs. Mills was given notice of these transactions in accordance with the contract, and she not only failed to meet this latter offer, but she sold her rights to do so for the sum of $1,000.00."

The primary question presented on appeal by counsel for plaintiff—that the court erred in denying specific performance of the option as alleged—is essentially one of fact and hence is governed by rules too well established to warrant citation of authority.

An examination of the record shows specific testimony by Smith that there had been talk of $21,000 plus a loan of $5,000, but that the ultimate agreement was $23,000 plus a $3,500 loan. Ruppert testified to the same effect. Plaintiff's testimony was that she had ". . . suspicions only. I couldn't get a confirmation from them there had ever been a price of 21." She further testified that Ruppert told her the deal was $21,000 plus a $5,000 loan, but they had changed their minds; that she saw escrow instructions at the title company for $21,000 plus a $5,000 loan; that over these figures were superimposed the figures of $23,000 and $3,500, respectively; (her counsel gave similar testimony concerning the escrow); and that she was not interested in buying the property at

the price quoted in the escrow. Finally, it is not denied that she accepted the sum of $1,000 and executed a waiver of her rights under the option to purchase defendants' interest. The evidence so summarized was amply sufficient to sustain the conclusions of the trial court.

We find no merit in plaintiff's remaining contentions relative to the reasonableness of the selling price of the property and the phraseology of the option.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1958.